NO. 07-01-0155-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 11, 2001



______________________________




MARVIN WARE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 174TH DISTRICT COURT OF HARRIS COUNTY;



NO. 858829; HONORABLE JON N. HUGHES, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Marvin Ware has given notice of appeal from a conviction and sentence
in Cause No. 858,829 in the 174th District Court of Harris County, Texas (the trial court),
for theft by a public servant. The appellate court clerk received and filed the trial court
clerk's record on April 17, 2001, and received and filed the trial court reporter's record on
April 18, 2001. 

 Pursuant to motions by counsel for appellant, this court has granted two extensions
of time for filing appellant's brief. On August 14, 2001, the appellate clerk notified
appellant's counsel that extension of time for filing of appellant's brief was extended to
October 10, 2001, and that a status report was to be filed with the appellate clerk on or
before September 15, 2001. 

 By letter dated September 17, 2001, the clerk advised counsel for appellant that the
status report due on September 15, 2001, had not been received and requested that the
report be forwarded. The clerk has not received a status report, response to the letter of
September 17th, appellant's brief or a motion for extension of time for filing of the brief. 

 Accordingly, this appeal is abated and the cause is remanded to the trial court. 
Tex. R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to
immediately cause notice to be given of and to conduct a hearing to determine: (1) whether
counsel for appellant has abandoned the appeal; (2) if appellant desires to prosecute this
appeal, whether appellant's present counsel should be replaced; and (3) what orders, if
any, should be entered to assure the filing of appropriate notices and documentation to
dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if
appellant desires to prosecute this appeal, to assure that the appeal will be diligently
pursued. If the trial court determines that the present attorney for appellant should be
replaced, the court should cause the clerk of this court to be furnished the name, address,
and State Bar of Texas identification number of the newly-appointed or newly-retained
attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a supplemental reporter's record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk's record or the supplemental reporter's record; and (5) cause the
records of the proceedings to be sent to this court. Tex. R. App. P. 38.8(b)(3). In the
absence of a request for extension of time from the trial court, the supplemental clerk's
record, supplemental reporter's record, and any additional proceeding records, including
any orders, findings, conclusions and recommendations, are to be sent so as to be
received by the clerk of this court not later than January 15, 2002. 

 

 Per Curiam

Do not publish.